## LINN v NICHOLAS, et

Ohio Appeals, 9th Dist, Lorain Co
No 526. Decided June 13, 1930

J. J. Symthe, Elyria, for plaintiff in error William E. Linn.

Rudin & Keech, Elyria, for Nicholas.

Walter H. Watts, Elyria, for defendant in error, Dorothy E. Linn.

**PER CURIAM**

Said judgment cannot be sustained upon the theory that the court ordered Mr. Linn to pay for the services for which suit was brought, because the order is specifically limited to services rendered by Dr. Nicholas to Mrs. Linn "until plaintiff (Mrs. Linn) is discharged by said doctor," and Dr. Nicholas testified that he discharged her as a patient in November, 1923, and again in December, 1923, before the services sued for were performed, and moreover, in the reply filed by Dr. Nicholas he specifically alleged that "said order did not include plaintiff's present claim," which was created after said order, "as she was, on Nov. 26, 1923, discharged by this plaintiff from said hospital on account of said illness and confinement, contemplated."

Can the judgment against the husband be sustained on the ground that he is liable for necessaries furnished to his wife?

The statute **8003 GC**, which is declaratory of the common law, provides that if the husband neglects to make adequate provision for the support of his wife, he is liable for necessaries furnished the wife by any other person.

Where a wife is living separate and apart from her husband, he is not liable for necessaries furnished to her unless it appears that he has failed to provide for her support and that such separation is caused by his misconduct; if such facts appear he is liable for necessaries furnished his wife, unless the one furnishing such necessaries extended credit exclusively to the wife in her individual capacity.

The record in this case discloses that the claim sued upon was for necessaries furnished the wife, and it does not show that in furnishing the same the dotcor extended credit exclusively to the wife—the record being silent upon that subject except that the account sued upon is one against "Mr. and Mrs. Linn."

In this case it is established that the parties were living apart because of the misconduct of the husband and that he failed to make adequate provision for her

support and that in said divorce suit the court fixed the support which the husband was required to furnish, and thereafter the extent of the husband's liability for support during the pendency of the action was limited to the support ordered, and that limitation was binding upon the parties to the suit and upon those who thereafter furnished support for the wife.

If the husband furnished the support ordered he is not liable for the account for necessaries sued upon in this case.

**Hare v. Gibson, 32 Oh St 33.**

Crittenden v. Schermerhorn, 33 Am. Rep. 440.

It is conceded that he complied with the order of the court except as to the hospital and medical services furnished the wife until she was discharged as a patient the first time, which services were paid for by the wife.

A majority of the members of the court are of the opinion that said hospital and medical services were not a part of the support ordered by the court, but that the order of the court in reference thereto was that the husband should be charged with responsibility for a specific bill, the major portion of which had then been incurred, the payment or non-payment of which had no legitimate connection with and would not affect the provision for future support, and that therefore the failure of the husband to pay the same was not a failure on his part to comply with the order of the court as to support.

Such finding brings the facts clearly within the principles announced in the case of Hare v. Gibson, supra, and the husband having complied with the order of the court as to support, is not liable for the account for necessaries sued upon in this case.

One member of the court is of the opinion that said hospital and medical services are a part of the support ordered by the court and that because of the husband's failure to fully comply with said order he is not, under the principles announced in the case of Hare v. Gibson, supra, relieved from responsibility for the claim for necessaries sued upon, and that there is no dispute in the evidence as to the following facts—to wit, that the services for which suit was brought were for necessaries and were furnished while the parties were living separate and apart because of the misconduct of the husband, who failed to provide for the support of his wife and who failed to comply with the order of the court in reference to such support, and that in furnishing said services the doctor did not extend credit exclusively to the wife, and that said services were reasonably worth the amount claimed, and that said claim is unpaid. It is the opinion of one member of the court that, such being the undisputed facts, said husband is liable, as a matter of law, for the claim sued upon and that therefore the trial court was justified in directing a judgment against him therefor.

However, a majority of the court having found, for the reasons stated, that he is not liable for said account, the judgment is reversed because contrary to law, and there being no dispute as to the controlling facts, final judgment is rendered in favor of the plaintiff in error.

Funk, PJ, and Pardee, J, and Washburn, J, concur.